United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Michael John D'Annunzio  
    Debtor

Case No. 18-17582-jkf  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2    User: dlv    Page 1 of 1    Date Rcvd: Dec 16, 2019  
                      Form ID: pdf900    Total Noticed: 3

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 18, 2019.
```
db          +Michael John D'Annunzio,    5 Peacedale Court,    Oxford, PA 19363-2272
aty         +Wetzel Gagliardi Fetter & Lavin LLC,    101 E. Evans St., Ste. A,    West Chester, PA 19380-2600
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr          +E-mail/PDF: gecsedi@recoverycorp.com Dec 17 2019 03:50:43      Synchrony Bank,
              c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
```
                                                                                                                                                                                 TOTAL: 1

             ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 18, 2019                                            Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 16, 2019 at the address(es) listed below:
```
              JOHN A. GAGLIARDI    on behalf of Attorney    Wetzel Gagliardi Fetter & Lavin LLC
               jgagliardi@wgflaw.com
              JOHN A. GAGLIARDI    on behalf of Debtor Michael John D'Annunzio jgagliardi@wgflaw.com
              KEVIN G. MCDONALD    on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com
              POLLY A. LANGDON    on behalf of Trustee SCOTT F. WATERMAN (Chapter 13) ecfmail@readingch13.com
              REBECCA ANN SOLARZ    on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com
              SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM  MILLER*R    on behalf of Trustee WILLIAM  MILLER*R ecfemail@FredReigleCh13.com,
               ECF_FRPA@Trustee13.com
                                                                                             TOTAL: 8
```

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Michael John D'annunzio <br>                   Debtor | CHAPTER 13 |
| M&T Bank <br>                   Movant <br>     vs. | NO. 18-17582 JKF |
| Michael John D'annunzio <br>                   Debtor | |
| Scott F. Waterman, Esquire <br>                   Trustee | 11 U.S.C. Section 362 |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$35,670.54,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | December 1, 2018 to December 1, 2019 at $2,664.58/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$35,670.54** |

2. The Debtor(s) shall cure said arrearages through a loan modification within the following schedule:

    a) Debtor shall obtain a permanent modification by April 30, 2020.

3. Additionally, beginning on January 1, 2020, Debtor shall also make regular post-petition payments on the first (1st) of each month in accordance with the terms of the note and mortgage while the loan modification application is pending.

4. If a timely trial modification is obtained, Debtor shall then continue to make regular trial modification payment followed by regular permanent modification payments thereafter, both as directed within the modification documents.

5. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

6. In the event any of the events listed within Section 2 are not completed within the listed deadline, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the

Debtors may amend her Chapter 13 Plan to provide for payment of Movant's arrears within Sectoin 4(a), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7. In the event any of the payment listed under either Section 3 or 4 are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

8. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

9. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order7 granting the Movant relief from the automatic stay.

10. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

11. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

12. The parties agree that a facsimile signature shall be considered an original signature.

Date:   December 9, 2019

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 12/12/19

John A. Gagliardi, Esquire
Attorney for Debtor

Date: *December 13, 2019*

/s/ Polly A. Langdon, Esquire for
Scott F. Waterman, Esquire
Chapter 13 Trustee

Approved by the Court this 16th day of December, 2019. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Jean K. FitzSimon